THOMAS C. BOND *vs.* AUGUSTUS B. ENDICOTT.

Suffolk.     March 20, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Conversion — Evidence — Sheriff — Attachment — Fraudulent Conveyance.*

In an action against a sheriff for the conversion of a horse, there was evidence of its sale and delivery to the plaintiff by an intestate, who owned it. The defendant, who justified under an attachment of the horse in an action by the intestate's administratrix against his housekeeper for its conversion, after evidence tending to show that the horse was never delivered, and remained in the intestate's possession till his death, offered evidence that the housekeeper thereafter wrongfully took possession of the horse, claiming to be the owner, but had no title beyond that of an intermeddler; and that the sale to the plaintiff was in fraud of the intestate's creditors. *Held,* that the evidence offered was rightly excluded.

TORT against the sheriff of Norfolk for the conversion of a horse.

At the trial in the Superior Court, before *Dunbar,* J., the defendant denied that the plaintiff was the owner of the horse, and justified under a writ of Caroline T. Norris, administratrix, against Anna L. Wiswell, by virtue of which the horse was attached as her property by a deputy of his.

The plaintiff introduced evidence tending to show that he bought the horse of George W. Norris, and paid him for it on April 25, 1881, and received a bill of sale of the horse, which was then in a boarding stable; that the next day there was a delivery of the horse at the stable, and afterwards the horse was at times driven by the plaintiff; and that at the time of the

attachment the defendant's deputy was notified that the horse was the property of the plaintiff, and that he was forbidden by the plaintiff's wife to remove it.

The defendant introduced evidence tending to show that the horse was in the possession and control of George W. up to the time of his death, in August, 1887 ; that there had never been any delivery of the horse to the plaintiff; and that if the plaintiff ever drove the horse, he drove it as the servant of George W., and at his direction.

The defendant then offered to show that at the time of the death of George W. the horse was in the stable of the house which he then occupied ; that after his death Wiswell, who was his housekeeper, remained in the house, and claimed ownership of the horse, but had no title or claim to the horse except such as a person might acquire who takes possession and control, without authority, of goods after the death of the owner, and who continues such possession and control after notice of the appointment of a special administrator, and refuses to deliver them on demand, and is sued for the conversion of such goods; that Caroline T. was appointed special administratrix, and brought an action against Wiswell for the conversion of personal property, including the horse in question, in which action the horse was attached as Wiswell's property and sold by the deputy ; and that George W. when he made the sale, in 1881, was insolvent, apprehended attachments, and the sale was fraudulent as against creditors.

The judge excluded the evidence thus offered.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. Prentiss*, for the defendant.

*A. V. Lynde & W. P. Harding*, for the plaintiff.

FIELD, J. The plaintiff's claim was that the horse had been sold and delivered to him by George W. Norris, who was the owner, and that he had paid the price to Norris, and had received from him a bill of sale. The defendant was permitted to introduce evidence tending to contradict this, and to show that the horse remained in the possession of Norris until his death, and that the horse had never been delivered to the plaintiff. The evidence which the defendant offered, and which was

excluded, was in substance that Anna L. Wiswell, who was the housekeeper of Norris at the time of his death, wrongfully obtained possession of the horse after his death, and claimed to be the owner, but that she had no title beyond that of an intermeddler with the goods of a deceased person; that Caroline T. Norris had been appointed administratrix of the estate of George W. Norris and had brought suit against Wiswell for a conversion of the horse and other property, and that the defendant's deputy had attached the horse in that suit as the property of Wiswell. The defendant also offered to show that the sale by Norris to the plaintiff was fraudulent as against creditors. This evidence did not tend to show any title in Wiswell, or tend to disprove the plaintiff's title. The defendant, in justifying under an attachment of the horse as the property of Wiswell, does not stand in the place of a creditor of the estate of George W. Norris, and is not entitled to avoid sales made by him in fraud of his creditors.

*Exceptions overruled.*